940 F.2d 654
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lemorial WATSON, Petitioner-Appellant,
v.
ATTORNEY GENERAL OF VIRGINIA, Edward W. Murray, Respondents-Appellees.
 No. 90-6670.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1991.
Decided Aug. 15, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-90-214-R)
 Steven D. Benjamin, Clute & Shilling, Richmond, Va., for appellant.
 Gayl Branum Carr, Office of the Attorney General of Virginia, Richmond, Va., for appellees.
 E.D.Va.
 DISMISSED.
 Before K.K. HALL, WILKINSON and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In his 28 U.S.C. Sec. 2254 action, Lemorial Watson, a Virginia prisoner, asserts that because he was illegally held in the Richmond City Jail on a parole violation charge without having a final revocation hearing he was unable to obtain certain witnesses or "to function as an advocate in his own behalf" at trial for a drug offense. Watson has exhausted his state court remedies. The district court granted summary judgment to the respondents and Watson noted a timely appeal. The district court denied a certificate of probable cause to appeal. We also deny a certificate of probable cause and dismiss Watson's appeal.
 
 
 2
 Watson was convicted of robbery in 1981 and released on parole in 1987. Watson alleges that he was arrested on April 26, 1988, for driving with a revoked or suspended license and held without bond on that charge. He states that he was also charged with possession of heroin on April 25 and released on bond on that charge. The district court found that Watson was arrested and held in jail on the driving charge without bond on April 26. Respondents do not counter Watson's assertion that he was not detained because of the drug charge.
 
 
 3
 A preliminary parole revocation proceeding was held on May 2, and the hearing officer found probable cause to believe that Watson had violated the condition of his parole that he "obtain written permission of [his] parole officer before buying or operating a motor vehicle"; the hearing did not address the drug offense. Based on the preliminary hearing, the Board issued a warrant for Watson's arrest for violation of the motor vehicle provision of his parole on May 16, 1988. Another result of the May 2 hearing was that Watson learned that he "was to be continued detained on the driving charge." Nothing in the record indicates that Watson was detained for a parole violation prior to May 2.
 
 
 4
 The record is silent as to whether Watson had any revocation hearing beyond the preliminary May 2 hearing and as to whether his parole was ever revoked because of the driving charge. Respondents assert only that Watson's parole was later revoked because of the drug conviction. Watson was convicted of the drug charge in October 1988 and received five years incarceration.
 
 
 5
 Watson was convicted of driving with a suspended license, and he appealed to the circuit court. There, the charge was nolle prossed and dismissed. Though Watson's attorney notified the Board of the disposition of the driving charges, the Board did not alter its probable cause decision. Watson was convicted of the drug charge in October, and the Board revoked his parole because of that offense in January 1989; the Board notified Watson of its action by letter. Watson alleges that he was held from April 26, 1988 through January 12, 1989 without having a parole revocation hearing. He asserts that because of this detention, he was "abandoned by credible witnesses" and was "unable to function as an advocate in my behalf" during his trial on the drug offense. He does not challenge the revocation of his parole.
 
 
 6
 Watson also states in his petition, however, that he was represented by counsel at the trial on the drug offense. He has exhausted his claims of ineffectiveness of trial counsel in state courts, but he has not presented those claims in his federal petition. Moreover, Watson does not assert, nor does the record support, any contention that he intended to waive counsel and proceed pro se at his trial on the drug charge.
 
 
 7
 Though the record discloses that Watson did not receive a timely revocation hearing on the revocation of his parole because he was driving a vehicle without permission, that fact is not material to Watson's allegation that his conviction for possession of heroin violated due process because he was in jail on the revocation charge pending his trial on the drug charge. Furthermore, Watson has only made conclusory allegations, without specificity, regarding how the detention for the probation revocation directly affected the drug conviction he is attacking in this case. Thus, Watson has not stated grounds sufficient to call into question the validity of his possession of heroin conviction.
 
 
 8
 We therefore deny a certificate of probable cause and dismiss Watson's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 DISMISSED.